## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CATHY AIKEN, JAMES AIKEN, AND RUTH
MACOUBRIE, as the surviving children of
decedent Harold Thomas Aiken, and CATHY
AIKEN, as Administrator of the estate of Harold
Thomas Aiken,

        Plaintiffs,

        v.

ASSURANCE HEALTH SHAWNEE, LLC,
ASSURANCE HEALTH LLC, and ASSURANCE
HEALTH SYSTEM, LLC,

        Defendants.

Case No. 22-2385-DDC-ADM

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court on Plaintiffs' Motion to Amend the Complaint to Substitute Anew Health, LLC for Defendant Assurance Health Shawnee, LLC and Request for Hearing to Amend the Scheduling Order. (ECF 34.) By way of the current motion, Plaintiffs seek leave to amend their complaint to assert their existing claims against Anew Health, LLC in place of Assurance Health Shawnee, LLC based on their recent discovery of the correct entity name. Plaintiffs also seek a hearing to amend the scheduling order so that Plaintiffs may serve new discovery, take a corporate representative deposition, and potentially engage in the meet and confer and motion to compel process. For the reasons explained below, the court grants Plaintiffs' motion to amend the complaint and denies the motion for a hearing to amend the scheduling order.

## I.     BACKGROUND

Plaintiffs, the surviving children and estate of Harold Thomas Aiken, bring claims of wrongful death, alter ego, and survival arising from the death of Mr. Aiken in June 2021 at a

facility allegedly operated by the three corporate entity defendants.  (ECF 1.)  Plaintiffs allege these three defendants engaged in a joint venture, thereby owing a joint duty to decedent to use reasonable care for his safety while under their care and supervision at the facility.  (*Id*.)  Plaintiffs further allege defendants breached this duty by failing to ensure the facility where decedent resided had appropriate policies and procedures for its nursing staff, was properly capitalized, funded, and staffed, and that staff received adequate training and supervision.  (*Id*.)

Plaintiffs' original complaint names three defendants: Assurance Health Shawnee, LLC ("AHS"), Assurance Health LLC, and Assurance Health System LLC (collectively, "Defendants").  The complaint alleges AHS "was a Kansas limited liability company and owned, operated, managed, maintained, and/or controlled, in whole or in part, and did business as Anew Health–Shawnee ('Facility' or 'the Facility') located at 6815 Hilltop Road Shawnee, KS 66226." (ECF 1 ¶ 7.)  The complaint further alleges that AHS "provid[ed] ancillary medical services to persons requiring such services, including Resident, by owning, operating, managing, maintaining, and controlling the Facility."   (ECF 1 ¶ 8.)

Plaintiffs recently learned from Defendants that AHS is not the entity that operates the facility known as Anew Health–Shawnee located at 6815 Hilltop Road in Shawnee, and that the correct entity is Anew Health, LLC.  (ECF 34, at 4-5.)  Defendants first notified Plaintiffs of this error on March 27, 2023, when they served AHS's answers and responses to Plaintiffs' first set of discovery along with a letter contending Plaintiffs had failed to perform an adequate investigation prior to filing suit and thereby violated Rule 11.  (*See* ECF 34-3 (stating that AHS "does not own or operate the Facility and therefore is not the custodian of the documents requested"); ECF 34-4 (stating that Plaintiffs "failed to undertake a reasonable investigation into the entities involved or circumstances of Mr. Aiken's admittance at Anew Health" and that Plaintiffs' "discovery requests,

which seek information and documents related to patient information, nursing policies, and medical documentation are directed to a Defendant that has never provided medical services nor owned, operated, managed, or controlled a medical care facility").)

The scheduling order required the parties to file any motions for leave to amend the pleadings by March 8, 2023 (ECF 24 ¶ 3(a), at 6), so the deadline for amending pleadings had already passed by the time Plaintiffs received Defendants' Rule 11 letter and discovery responses. Discovery closes on June 16, 2023.  (*Id.* ¶ 2(b), at 4.)   According to the docket, the parties have exchanged Rule 26(a)(1) initial disclosures and written discovery.  (ECF 18, 19, 26, 29, 32, 33.) And, on March 22, Plaintiffs served a notice to take AHS's deposition on April 7.  (ECF 30.)  But it is not clear whether that deposition was taken after Defendants notified Plaintiffs on March 27 that AHS was wrongly named in the lawsuit.  On April 1, Plaintiffs filed the current motion seeking leave to amend their complaint to name the correct entity.  (ECF 34.)

## II.   ANALYSIS

The deadline for motions to amend the pleadings was March 8, 2023.  Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under Fed. R. Civ. P. 16(b)(4), and (2) satisfy the standards for amendment under Fed. R. Civ. P 15(a).  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  Whether to grant a motion to amend is within the court's sound discretion.  *Id.*

### A.   Plaintiffs Have Demonstrated Good Cause for the Late Amendment Under Rule 16(b)(4).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts."  *Husky Ventures, Inc. v. B55*

*Invs., Ltd*., 911 F.3d 1000, 1020 (10th Cir. 2018).  Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240; *see also Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (noting that courts have "denied leave to amend in situations where the moving party cannot demonstrate excusable neglect," including "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend"). On the other hand, the "good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240.

Plaintiffs contend the amendment is appropriate under Federal Rules of Civil Procedure 15 and 16 because Plaintiffs reasonably believed the entity named in the original complaint, Assurance Health Shawnee, LLC, operated the facility to which decedent was admitted and Defendants did not alert Plaintiffs until March 27 that Anew Health, LLC (not AHS) was the true operator of the facility.  Plaintiffs point out that Defendants' Rule 26(a)(1)(A) initial disclosures identified Anew Health Shawnee personnel "believed to have information concerning their care and treatment of Mr. Aiken at Anew Health, Mr. Aiken's condition more generally, and the claims and defenses at issue in this litigation."  (ECF 34, at 9; ECF 34-2.)  Plaintiffs also note that Defendants' counsel indicated he was working on producing an "employee" of the facility for deposition and counsel discussed scheduling a mediation for May 24 involving the current parties. (ECF 37, at 3-4; ECF 37-2; ECF 37-3.)

Defendants argue that Plaintiffs should have known the appropriate entity to sue before filing suit but failed to conduct a reasonable pre-suit investigation, and thus cannot establish excusable neglect or good cause to amend the scheduling order or to amend the complaint. Defendants contend that the operator of the facility to which the decedent was admitted "is publicly

available from multiple sources" and could have been easily found "with a quick search of the internet." (ECF 36, at 3-4.) Defendants shirk any responsibility for the delay in getting the appropriate party in the case. They argue that Defendants have no duty to notify Plaintiffs of errors made in naming a defendant and certainly no duty to correct those errors that may "help a client or its subsidiaries get sued." (ECF 36, at 5.) Defendants do not explain their actions in identifying relevant witnesses in Defendants' Rule 26(a)(1)(A) initial disclosures, making statements concerning producing an "employee" of the facility for deposition, and scheduling a mediation involving the current parties.

In reply, Plaintiffs point out that, before filing the complaint, their counsel reviewed Anew Health Shawnee's website and found 15 references to Assurance Health System, including a corporate address that matched the address of Assurance Health Shawnee, LLC on the Kansas Secretary of State website. Counsel therefore "drew the reasonable conclusion that Assurance Health Shawnee, LLC operated Anew Health Shawnee." (ECF 37, at 2-3.) Moreover, Plaintiffs argue that Defendants did not raise the issue at the outset regarding the incorrect entity being named, but instead obfuscated the identity of the correct entity until they served discovery responses and a Rule 11 letter nearly six months after Defendants were served with the summons and complaint.

Although Plaintiffs filed this motion after the deadline to amend the pleadings, the court finds good cause for the late amendment because Plaintiffs did not learn the correct name of the entity that operates the Shawnee facility until late March. Thereafter, Plaintiffs promptly raised their proposed amendment with Defendants and filed the current motion on April 1. Defendants may be correct that they had no legal duty to help Plaintiffs correct the error in initially naming

the wrong entity, but doing so would not have been difficult and it would have facilitated the more orderly and efficient progress of the case.

### B.    Plaintiffs' Amendment Is Proper Under Rule 15(a)(2).

When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).  "The court should freely give leave [to amend pleadings] when justice so requires."  *Id.*  In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).  A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted.  *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (in the absence of such a showing, amendment should be allowed).

Defendants' grounds for denying the motion to amend under Rule 15(a)(2) are similar to Defendants' grounds under Rule 16.  Defendants claim Plaintiffs' undue delay and bad faith are demonstrated by their failure to perform an adequate pre-suit investigation.  (ECF 36, at 7.)  For the same reasons set forth above, the court rejects this argument.  The court also rejects Defendants' contention that they "would suffer prejudice if Plaintiffs were essentially granted a 'do over' in this litigation and have indeed already sustained prejudice in having to defend claims wholly lacking a factual basis against entities wholly uninvolved in the underlying circumstances."

6

(*Id.*)  But Defendants apparently have known during the entire pendency of this lawsuit that the incorrect entity was named and yet did nothing.  The current predicament is a product of the litigation tactics they chose to pursue.

In sum, Defendants have not identified any reason why amendment should be denied under Rule 15 or Rule 16.  Plaintiffs should therefore be given the opportunity to pursue their claims against Anew Health, LLC on the merits.

### C.      Plaintiffs' Motion for Hearing to Amend the Scheduling Order Is Denied.

Plaintiffs additionally request a hearing to discuss amendments to the scheduling order given the new defendant's addition to the case.  This aspect of Plaintiffs' motion is premature. Until Anew Health, LLC has been served with a summons and the amended complaint, it is not properly joined in the case.  Once the docket reflects that Anew Health, LLC has been served, the court will issue an order to initiate the process of entering an amended schedule to accommodate its addition to the case.  Accordingly, Plaintiffs' motion for hearing to amend the scheduling order is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend the Complaint to Substitute Anew Health, LLC for Defendant Assurance Health Shawnee, LLC (ECF 34) is granted.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Hearing to Amend the Scheduling Order (ECF 34) is denied.

**IT IS SO ORDERED.**

Dated May 4, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
